UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GGC INTERNATIONAL LIMITED,<br><br>       *Plaintiff*,<br><br>  v.<br><br>ROGER VER,<br><br>       *Defendant*.<br><br>ROGER VER,<br><br>       *Third-Party Plaintiff*,<br><br>  v.<br><br>BARRY SILBERT, MICHAEL MORO, and DIGITAL CURRENCY GROUP,<br><br>       *Third-Party Defendants*. | Case No. _____<br><br>[Index No. 650439/2023 in New York State Supreme Court, New York County] |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1334, 1446, and 1452, Third-Party Defendants Digital Currency Group, Inc. ("DCG") and Barry Silbert (collectively, the "DCG Defendants"), by and through their undersigned counsel, hereby remove to this Court the civil action captioned *GGC Int'l Ltd. v. Roger Ver, et al.*, Index No. 650439/2023 (N.Y. Sup. Ct., County of New York) (the "State Court Action"). The State Court Action is subject to this Court's removal jurisdiction because it is related to a pending bankruptcy case.

In further support of removal, the DCG Defendants state as follows:

## BACKGROUND

1. On January 23, 2023, Plaintiff GGC International Limited ("GGCI") commenced this action by filing a Summons in New York State Supreme Court, New York County. *See* Exhibit A. GGCI served a Summons with Notice and Notice of Electronic Filing (Mandatory Case) on Roger Ver on January 26, 2023. *See* Exhibit B. As required under 28 U.S.C. § 1446(a), true and correct copies of "all process, pleadings, and orders served upon" defendants in the State Court Action to date, are attached hereto as Exhibits A–S.

2. On February 24, 2023, Mr. Ver removed this action to the United States District Court for the Southern District of New York on diversity jurisdiction grounds under 28 U.S.C. §§ 1332, 1441, and 1446. *See* Exhibit C.

3. On March 7, 2023, Judge Gregory H. Woods remanded this action to the Supreme Court of the State of New York, County of New York because "the Court lack[ed] diversity jurisdiction over this action." *See* Exhibit D.

4. On March 28, 2023, GGCI filed a Complaint against Mr. Ver. *See* Exhibit G.

5. On May 9, 2023, Mr. Ver filed an Answer and Counterclaim against GGCI. *See* Exhibit H. On June 14, 2023, GGCI moved to dismiss Mr. Ver's counterclaims. *See* Exhibit I

6. On July 31, 2023, Mr. Ver filed an Amended Answer and Counterclaim against GGCI. *See* Exhibit L. On August 21, 2023, GGCI moved to dismiss Mr. Ver's amended counterclaims. *See* Exhibit M.

7. On December 11, 2023, Mr. Ver filed a motion for leave to amend and supplement his Answer and Counterclaim against GGCI. *See* Exhibit P. This motion was fully briefed on January 11, 2024. *See* Exhibits R–S.

8. On December 27, 2023, Mr. Ver filed a third-party complaint (the "Complaint") against the DCG Defendants. *See* Exhibit Q.

9. On January 29, 2024, counsel for the DCG Defendants accepted service of the Summons and Complaint. Ex. Q. The DCG Defendants have not filed an answer or responsive pleading in the State Court Action. This Notice of Removal is therefore timely and filed within 30 days of service of the Summons. *See* 28 U.S.C. § 1446(b). Venue is proper in this Court because the New York State Supreme Court, New York County, is located within the Southern District of New York. *See id.* § 1446(a).

## JURISDICTION & GROUNDS FOR REMOVAL

### I.  Removal Is Proper Under 28 U.S.C. § 1452

10. "A party may remove any claim or cause of action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under Section 1334 of this title." 28 U.S.C. § 1452(a). Section 1452 "authorizes *any* 'party,' including [third-party defendants], to remove." *Cal. Pub. Emps. Ret. Sys. v. Worldcom*, 368 F.3d 86, 103 (2d Cir. 2004); *Lead I JV, LP v. North Fork Bank*, 401 B.R. 571, 578 (E.D.N.Y. 2009) (holding that the "third-party defendant[] was permitted to remove [the] action to federal court under § 1452"). Under Section 1334, this Court has original jurisdiction over "all civil proceedings . . . related to cases under title 11," commonly known as bankruptcy cases. 28 U.S.C. § 1334(b). "Related to" jurisdiction exists whenever an "action's outcome might have *any* conceivable effect on the bankrupt estate." *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 339-40 (2d Cir. 2018) (emphasis added) (citation omitted).

11. On January 19, 2023, Genesis Global Capital, LLC ("GGC") and its affiliates, Genesis Global Holdco, LLC ("GGH") and Genesis Asia Pacific PTE Ltd. (collectively, "the

Debtors"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, in the United States Bankruptcy Court for the Southern District of New York. These chapter 11 cases are jointly administered under the caption *In re Genesis Global Holdco, LLC, et al.*, No. 23-10063-SHL (Bankr. S.D.N.Y.) (the "Genesis Bankruptcy Case"). GGCI is not a debtor affiliate in the Genesis Bankruptcy Case and has not otherwise filed for bankruptcy protections.

12. There is no question that the State Court Action is inextricably "related to" the pending Genesis Bankruptcy Case. The Complaint's allegations center on derivatives and lending contracts between Mr. Ver and GGCI. Ex. Q ¶¶ 2, 41 (Complaint). In June and July 2022, following the collapse of the cryptocurrency hedge fund Three Arrows Capital Ltd., the Complaint alleges that GGCI fraudulently "attempt[ed] to cover up its insolvency by squeezing [Mr.] Ver for exorbitant sums of collateral" under the terms of the parties' contracts. *Id.* ¶ 4.

13. According to the Complaint, GGH, GGC, DCG, Barry Silbert, and Michael Moro (collectively, with GGCI, the "Genesis Entities") "operated as a single entity during the Relevant Period," *id.* ¶ 23 and although "GGCI was formed simply to conduct the same operations as [GGC], focusing instead on international clients," GGCI "operated from NY with little or no separation between itself, [GGC], [GGH], and DCG." *Id.* ¶¶ 34, 37. Mr. Ver claims that he was induced to "remain invested in his open positions" with GGCI based on several conversations with and statements made by the Genesis Entities despite their knowledge that Genesis was "insolvent." *Id.* ¶ 241; *see also, e.g.*, *id.* ¶¶ 7, 8, 161, 186. But for these alleged misrepresentations, Mr. Ver would have closed his positions, negating the "significant losses" he ultimately suffered. Additionally, the Complaint specifically alleges that GGCI's purported fraud was carried out "with

the guidance and direction of Barry Silbert, Michael Moro and Digital Currency Group." *Id.* ¶¶ 5, 8.

14. The Complaint therefore leaves no doubt that the State Court Action is "related to" the Genesis Bankruptcy Case. *See SPV Osus Ltd.*, 882 F.3d at 340 ("An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.") (citation omitted). Notably, this Court has already determined that similar allegations against DCG "relate to" the Genesis Bankruptcy Case.[1] *See Moeller-Bertram v. Gemini Tr. Co., LLC*, 2023 WL 3451379, at *2 (S.D.N.Y. May 15, 2023) (Liman, J.) (holding that "related to" jurisdiction exists because (i) there were "'strong interconnections' between this action and the [Genesis Bankruptcy Case]" and (ii) "Defendants [DCG and Gemini Trust Company, LLC]—if found liable to Plaintiff—would have a right of contribution as against Genesis") (citations omitted). Yet again, these circumstances are present here, and each provides an independent basis for related to jurisdiction.

15. *First*, there are "strong interconnections" between this action and the Genesis Bankruptcy Case. *See, e.g.*, *SPV Osus Ltd.*, 882 F.3d at 342. The Complaint accuses the Genesis Entities of conspiring or aiding and abetting in the purported fraud. *See, e.g.*, Ex. Q ¶ 8 (Complaint) (stating that the Genesis Entities "made a number of knowing misrepresentations to the public in an effort to keep its customers, including [Mr.] Ver, calm, comfortable, and invested in their products"). And Mr. Ver's claims rely on the very same allegations giving rise to many of the

---

[1] The DCG Defendants removed a similar action that asserted claims for New York common law fraud and aiding and abetting based on identical allegations. *See Gemini Tr. Co., LLC v. Digital Currency Grp., Inc., et al.*, Case No. 1:23-cv-06864 (S.D.N.Y. Aug. 4, 2023) (Notice of Removal). To date, no party in the action has moved to remand the case to state court.

claims asserted in the Genesis Bankruptcy Cases.[2] Indeed, but for the Genesis Bankruptcy Case, and the automatic stay under 11 U.S.C. § 362(a) that prohibits the filing of actions against a debtor relating to prepetition claims or seeking control over property of the estate, Mr. Ver likely would have asserted claims against the Debtors in the State Court Action. *See In re Worldcom, Inc. Secs. Litig.*, 293 B.R. 308 (S.D.N.Y. Mar. 3, 2003) (finding "strong interconnections" where, "but for WorldCom's bankruptcy, [Worldcom] would have been named as a defendant in [this] action").

16. *Second*, if Mr. Ver were to succeed in this action, the DCG Defendants would have a "'reasonable' legal basis" for a contribution claim against the Debtors. *See SPV Osus Ltd. v. UBS AG*, 2015 WL 4079079, at *2 (S.D.N.Y. July 1, 2015), *aff'd*, *SPV*, 882 F.3d; *WorldCom, Inc.*, 293 B.R. at 320-21 (finding "related to" jurisdiction satisfied where defendants identified a reasonable basis for contribution that would conceivably impact the bankruptcy estate). Under New York statutory law, a right to contribution exists where "two or more persons [] are subject to liability for damages for the same … injury to property." N.Y. C.P.L.R. § 1401. Thus, Mr. Ver's allegations that the DCG Defendants, "as aider and abettors of, or participants in, [the Debtors'] fraud, are joint tortfeasors," gives rise to a "reasonable legal basis to assert a contribution claim" under New York law. *SPV OSUS Ltd.*, 2015 WL 4079079, at *2.

## CONCLUSION

17. Defendants have established adequate grounds for removal and have satisfied all procedural requirements.

---

[2] *Compare, e.g.*, The Official Committee of Unsecured Creditors' Memorandum of Law in Support of Confirmation of the Amended Joint Chapter 11 Plan and Omnibus Response to Objections Thereto, *In re Genesis Global Holdco, LLC, et al.*, No. 23-10063-SHL, Dkt. 1326, ¶ 5 (Bankr. S.D.N.Y.) ("The Three Arrows Capital default in June 2022 created a significant liquidity and solvency hole at the Debtors . . . [that] DCG purported to fill . . . by issuing a $1.1 billion promissory note.") *with, e.g.*, Ex. Q ¶ 164 (Complaint) ("DCG and [Genesis] entered into a sham transaction designed to cover the insolvency of the Genesis Entities . . . [by] execut[ing] an unsecured promissory note payable to [Genesis] in the amount of $1.1 billion.").

18. In filing this Notice of Removal, the DCG Defendants do not concede that any claims stated in the Complaint are valid under any applicable law. Defendants reserve and expressly do not waive any rights, claims, or defenses that may be available. Defendants also reserve the right to amend or supplement this Notice of Removal with additional evidence and argument as needed to support the "short and plain statement of the grounds for removal" contained herein. 28 U.S.C. § 1446(a).

19. Though agreement from co-defendants is not required for removal pursuant to 28 U.S.C. § 1452(a), Third-Party Defendant Michael Moro has consented to removal.

20. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the New York State Supreme Court, New York County, and will serve GGCI, Roger Ver, and Michael Moro with this Notice of Removal.

WHEREFORE, Defendants hereby properly remove this action, captioned *GGC Int'l Ltd. v. Roger Ver, et al.*, Index No. 650439/2023, from New York State Supreme Court, New York County, to the United States District Court for the Southern District of New York.

Dated: February 28, 2024
      New York, New York

Respectfully submitted,

/s/ *Jonathan D. Polkes*
Jonathan D. Polkes
Caroline Hickey Zalka
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007

Joshua M. Wesneski
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7248
joshua.wesneski@weil.com

*Counsel for Defendants Digital Currency Group, Inc. and Barry Silbert*