# EXHIBIT F

FILED: NEW YORK COUNTY CLERK 03/16/2023 12:19 PM
NYSCEF DOC. NO. 8

INDEX NO. 650439/2023
RECEIVED NYSCEF: 03/16/2023

Case 1:24-cv-01533-JPC  Document 1-6  Filed 02/28/24  Page 2 of 11
Case 1:23-cv-01560-GHW  Document 7  Filed 03/07/23  Page 1 of 4

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/7/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
:
GGC INTERNATIONAL LIMITED, :
:
                        Plaintiff,    :         1:23-cv-1560-GHW
:
        -against-              :         **REMAND ORDER**
:
ROGER VER, :
:
                        Defendant.    :
:
-------------------------------------------------------------- X

**GREGORY H. WOODS, District Judge:**

   This action was removed from the Supreme Court of the State of New York, County of New York, on February 24, 2023. Dkt. No. 1. As the basis for this Court's subject matter jurisdiction, Defendant invokes 28 U.S.C. § 1332, asserting that the parties are diverse and that the amount in controversy is over $75,000. Dkt. No. 1 ¶ 4. Because Defendant asserted that the parties were diverse, notwithstanding the fact that Defendant was an alien, and there were indications on the record that Plaintiff, too, was an alien, the Court issued an order to show cause why this case should not be remanded to state court on March 1, 2023 (the "Order to Show Cause"). Dkt. No. 3. The Order to Show Cause explained the basic requirements of diversity jurisdiction and noted that "Plaintiff would be an alien if either it was incorporated outside of the United States *or* if its principal place of business was located outside of the United States . . . ." *Id.* at 2 (emphasis added).

   Defendant filed a response to the Order to Show Cause on March 6, 2023 (the "Response"). Dkt. No. 5. In the Response, Defendant acknowledges that Plaintiff "was formed under the laws of the British Virgin Islands." Response at 2. But Defendant argues that the exercise of diversity jurisdiction here is appropriate nonetheless because Plaintiff has its principal place of business in New York.

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK
BY _____
Deputy Clerk

FILED: NEW YORK COUNTY CLERK 03/16/2023 12:19 PM
NYSCEF DOC. NO. 8
INDEX NO. 650439/2023
RECEIVED NYSCEF: 03/16/2023

Case 1:24-cv-01533-JPC   Document 1-6   Filed 02/28/24   Page 3 of 11
Case 1:23-cv-01560-GHW   Document 7   Filed 03/07/23   Page 2 of 4

To support that argument Defendant points to the Supreme Court's decision in *Daimler AG v. Bauman*, 571 U.S. 117 (2014). Defendant writes the following:

> In *Daimler AG v. Bauman*, 571 U.S. 117 (2014), the Supreme Court abrogated the "doing business" test and held that jurisdiction can only extend over a foreign entity that is "at home" in the state. Absent an "exceptional case," a company is only "at home" in (1) its state of incorporation *or* (2) the state in which it maintains a principal place of business.

Response at 1 (emphasis added).

Defendant's reference to *Daimler* does not support his argument for at least two reasons. First off, *Daimler* is a case about the constitutional limitations on a court's exercise of personal jurisdiction. *Daimler*, 571 U.S. at 121 ("The question presented is whether the Due Process Clause of the Fourteenth Amendment precludes the District Court from exercising jurisdiction over Daimler in this case . . . ."). The issue raised here is about another kind of jurisdiction: the scope of the Court's subject matter jurisdiction.

Second, even if *Daimler* applied here—and it does not—counsel for Defendant's argument is based on a profoundly erroneous misreading of its holding and the law on the issue of general jurisdiction. For Defendant states that the relevant law is that barring exceptional circumstances a company "is *only* 'at home' in (1) its state of incorporation *or* (2) the state in which is maintains a principal place of business." Response at 1. But as even the most cursory review of *Daimler* and the related case law would reveal, Defendant's "or" should be an "and." *See, e.g., Daimler*, 571 U.S. at 137 ("*Goodyear* did not hold that a corporation may be subject to general jurisdiction *only* in a forum where it is incorporated *or* has its principal place of business . . . .") (emphasis added). Put differently, a company is at home for purposes of general jurisdiction *both* where it is incorporated *and* where it has its principal place of business. *See, e.g., Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014) ("The paradigm forum for general jurisdiction over an individual is the individual's domicile, his home. For a corporation, it is an equivalent place, with the place of incorporation and the principal place of business being the paradigm bases.").

2

FILED: NEW YORK COUNTY CLERK 03/16/2023 12:19 PM
NYSCEF DOC. NO. 8
INDEX NO. 650439/2023
RECEIVED NYSCEF: 03/16/2023

Case 1:24-cv-01533-JPC   Document 1-6   Filed 02/28/24   Page 4 of 11
Case 1:23-cv-01560-GHW   Document 7   Filed 03/07/23   Page 3 of 4

The second fundamental flaw in Defendant's Response rests in its failure to consider the statutory language of 28 U.S.C. § 1332(c). Pursuant to the statute "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c) (emphasis added). "The principal effect of Section 1332(c) is obviously to establish dual citizenship for most corporations—in the state of a company's incorporation and in the state in which the organization's principal place of business is located—thereby reducing the options for establishing corporate diversity jurisdiction." 13F Fed. Prac. & Proc. Juris. § 3624 (3d ed.).

Defendant's Response points to the Supreme Court's decision in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Response at 2. The citation to *Hertz*, unlike Defendant's reference to *Daimler*, is on point to a degree. *Hertz* relates to the issue of citizenship in the context of diversity jurisdiction. And Defendant's Response fairly outlines the holding of *Hertz* regarding how one determines the location of a corporation's principal place of business. *Id.* But the Response fails to recognize that the location of Plaintiff's principal place of business is immaterial because a corporation is a citizen of *both* the place where it is incorporated *and* where it has its principal place of business. *See Hertz*, 559 U.S. at 80 ("The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated *and of the State where it has its principal place of business*.' We seek here to resolve different interpretations that the Circuits have given this phrase.") (emphasis in original) (internal citation omitted); *see also* 13F Fed. Prac. & Proc. Juris. § 3628 (3d ed.) ("The 2011 Federal Jurisdiction and Venue Clarification Act has simplified this question immensely, as the statute now explicitly states that corporations are citizens of their state of incorporation and the state of their principal place of business, regardless of whether those states are foreign or domestic.").[1]

---

[1] The Order to Show Cause makes clear that the Court understood that jurisdiction would be lacking if the corporation was either incorporated in or had its principal place of business in a foreign jurisdiction. Order to Show Cause at 2

3

FILED: NEW YORK COUNTY CLERK 03/16/2023 12:19 PM
NYSCEF DOC. NO. 8
INDEX NO. 650439/2023
RECEIVED NYSCEF: 03/16/2023

Case 1:24-cv-01533-JPC   Document 1-6   Filed 02/28/24   Page 5 of 11
Case 1:23-cv-01560-GHW   Document 7   Filed 03/07/23   Page 4 of 4

The Court does not have subject matter jurisdiction over this action. "Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). To establish jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship, such that "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Because, according to the Response, Plaintiff was incorporated in the British Virgin Islands, it is an alien. And Defendant is an alien. It is well established that "diversity is lacking . . . where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002). Therefore, the Court lacks diversity jurisdiction over this action and remands it to the Supreme Court of the State of New York, County of New York.

The Clerk of Court is directed to remand this case to Supreme Court of the State of New York, County of New York without delay.

SO ORDERED.

Dated: March 7, 2023
New York, New York

GREGORY H. WOODS
United States District Judge

---

("Plaintiff would be an alien if either it was incorporated outside of the United States or if its principal place of business was located outside of the United States, as stated in the notice of removal."). By focusing only on the issue of the location of Plaintiff's principal place of business, Defendant's Response did not address the concern highlighted by the Court.

4

FILED: NEW YORK COUNTY CLERK 03/16/2023 12:19 PM
NYSCEF DOC. NO. 8
INDEX NO. 650439/2023
RECEIVED NYSCEF: 03/16/2023

Case 1:24-cv-01533-JPC   Document 1-6   Filed 02/28/24   Page 6 of 11

ECF

# U.S. District Court
## Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:23-cv-01560-GHW

GGC International Limited v. Ver
Assigned to: Judge Gregory H. Woods
Case in other court: Sup. Court / New York County, 650439/2023
Cause: 28:1332 Diversity Action

Date Filed: 02/24/2023
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**GGC International Limited**

V.

**Defendant**

**Roger Ver**     represented by     **Michael David Handelsman**
Kelman PLLC
40 Sommer Ave.
Glen Ridge, NJ 07028
201-572-0400
Email: mike@kelman.law
*ATTORNEY TO BE NOTICED*

**Daniel Kelman**
Kelman PLLC
1501 Broadway
Suite 2972
New York, NY 10036
212-380-3818
Email: daniel@kelman.law
*ATTORNEY TO BE NOTICED*

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK
BY D. Shaw
Deputy Clerk

| Date Filed | # | Docket Text |
|---|---|---|
| 02/24/2023 | 1 | NOTICE OF REMOVAL from Supreme Court, County of New York. Case Number: 650439/2023. (Filing Fee $ 402.00, Receipt Number ANYSDC-27386376).Document filed by Roger Ver. (Attachments: # 1 Exhibit A- Summons with notice, # 2 Exhibit B- Affirmation of Service).(Kelman, Daniel) (Entered: 02/24/2023) |
| 02/24/2023 | 2 | CIVIL COVER SHEET filed..(Kelman, Daniel) (Entered: 02/24/2023) |
| 02/27/2023 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Gregory H. Woods. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(pc) (Entered: 02/27/2023) |
| 02/27/2023 | | Magistrate Judge Valerie Figueredo is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (pc) (Entered: 02/27/2023) |
| 02/27/2023 | | Case Designated ECF. (pc) (Entered: 02/27/2023) |
| 02/27/2023 | | ***NOTICE TO ATTORNEY REGARDING CIVIL CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney Daniel Kelman. The |

| | | |
|---|---|---|
| | | following case opening statistical information was erroneously selected/entered: County code New York; Fee Status code due (due);. The following correction(s) have been made to your case entry: the County code has been modified to XX Out of State; the Fee Status code has been modified to pd (paid);. (pc) (Entered: 02/27/2023) |
| 03/01/2023 | 3 | ORDER TO SHOW CAUSE: Accordingly, Defendant is hereby ORDERED TO SHOW CAUSE by March 6, 2023 as to why this action should not be dismissed for lack of subject matter jurisdiction. (Signed by Judge Gregory H. Woods on 3/1/2023) (rro) (Entered: 03/01/2023) |
| 03/01/2023 | 4 | NOTICE OF APPEARANCE by Michael David Handelsman on behalf of Roger Ver..(Handelsman, Michael) (Entered: 03/01/2023) |
| 03/06/2023 | 5 | RESPONSE TO ORDER TO SHOW CAUSE re: 3 Order to Show Cause. Document filed by Roger Ver..(Kelman, Daniel) (Entered: 03/06/2023) |
| 03/06/2023 | 6 | AFFIRMATION of Michael D. Handelsman in Support of Response to Order to Show Cause re: 5 Response to Order to Show Cause. Document filed by Roger Ver. (Attachments: # 1 Exhibit A-- Master Confirmation, # 2 Exhibit B-- Restated Master Confirmation).(Handelsman, Michael) (Entered: 03/06/2023) |
| 03/07/2023 | 7 | REMAND ORDER: The Court does not have subject matter jurisdiction over this action. "Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994). To establish jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship, such that "each defendant is a citizen of a different State from each plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). Because, according to the Response, Plaintiff was incorporated in the British Virgin Islands, it is an alien. And Defendant is an alien. It is well established that "diversity is lacking... where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002). Therefore, the Court lacks diversity jurisdiction over this action and remands it to the Supreme Court of the State of New York, County of New York. The Clerk of Court is directed to remand this case to Supreme Court of the State of New York, County of New York without delay. SO ORDERED. (Signed by Judge Gregory H. Woods on 3/7/2023) (kv) Modified on 3/7/2023 (kv). (Entered: 03/07/2023) |
| 03/07/2023 | | Transmission to Docket Assistant Clerk. Transmitted re: 7 Order, to the Docket Assistant Clerk for case processing..(kv) (Entered: 03/07/2023) |

FILED: NEW YORK COUNTY CLERK 03/16/2023 12:19 PM
NYSCEF DOC. NO. 8
INDEX NO. 650439/2023
RECEIVED NYSCEF: 03/16/2023

Case 1:24-cv-01533-JPC   Document 1-6   Filed 02/28/24   Page 8 of 11
Case 1:23-cv-01560-GHW   Document 1   Filed 02/24/23   Page 1 of 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GGC INTERNATIONAL LIMITED,

Plaintiff,
v.

ROGER VER,

Defendant.

Case No. ___-cv-___ ( )

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Roger Ver ("VER"), by and through its undersigned attorneys, hereby removes the above-captioned action from the Supreme Court of the State of New York, County of New York, where it is currently pending, to the United States District Court for the Southern District of New York.[1] The grounds for removal are as follows:

I. **INTRODUCTION**

1. On January 21, 2023, Plaintiff GGC INTERNATIONAL LIMITED, ("GGCI"), commenced a civil action in the Supreme Court of the State of New York, County of New York, by filing a Summons with notice (EXHIBIT A) naming VER as defendant. The action is captioned GGC International Limited v. Roger Ver, Index No. 650439/2023 (the "State Court Action").

2. According to the Affirmation of Service upon VER, which Plaintiff filed in the State Court Action on February 14, 2023 (EXHIBIT B), Plaintiff purported to serve VER via FedEx and registered mail (return receipt requested), true and correct copies of the Summons with Notice and Notice of Electronic Filing (Mandatory Case) on January 23, 2023. Plaintiff purports

---

[1] By removing this action from the Supreme Court of the State of New York, County of New York, VER does not waive any defenses available to him.

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK
BY _____
Deputy Clerk

1

FILED: NEW YORK COUNTY CLERK 03/16/2023 12:19 PM
NYSCEF DOC. NO. 8
INDEX NO. 650439/2023
RECEIVED NYSCEF: 03/16/2023
Case 1:24-cv-01533-JPC Document 1-6 Filed 02/28/24 Page 9 of 11
Case 1:23-cv-01560-GHW Document 1 Filed 02/24/23 Page 2 of 4

to have received confirmation said documents were delivered to VER on January 26, 2023.

3. The notice contained in the Summons states the action seeks the following relief: 1) a judgment awarding Plaintiff money damages for Defendant's failure to settle cryptocurrency options transactions that expired on December 30, 2022, in an amount to be determined at trial but no less than $20,869,788; and 2) an award of Plaintiff's costs, expenses, and reasonable attorneys' fees incurred in bringing this action.

## II. GROUNDS FOR REMOVAL

4. This Notice of Removal is filed on behalf of Defendant pursuant to 28 U.S.C. §§ 1441 and 1446. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a) because it is a civil action between parties of diverse citizenship and the amount in controversy exceeds the sum of $75,000.

### A. Complete Diversity Exists Between the Parties

5. *Citizenship of Defendant Roger Ver.* At the time the Summons was filed in the State Court Action, and as of the date of the filing of this Notice of Removal, Defendant VER is an individual residing at 858 Zenway Blvd. Unit 15-203, Frigate Bay St. Kitts and Nevis.

6. *Citizenship of Plaintiff GGC International Limited.* VER is informed and believes that, as of the time the Summons was filed in the State Court Action and at the time of the filing of this Notice of Removal, Defendant GGCI is a company headquartered and/or with a principal place of business in either: 1) Woodbourne Hall, Road Town VG 1110, British Virgin Islands, or 2) 250 Park Avenue South, 5th Floor, New York, New York 10013, but irrespective of which constitutes jurisdiction, none would destroy complete diversity of citizenship in this case.

### B. The Amount in Controversy Exceeds $75,000

7. Without admitting the validity of Plaintiff's claim, the amount in controversy exceeds $75,000, based on the proposed judgment amount noticed by Plaintiff in the Summons,

2

FILED: NEW YORK COUNTY CLERK 03/16/2023 12:19 PM
NYSCEF DOC. NO. 8
INDEX NO. 650439/2023
RECEIVED NYSCEF: 03/16/2023

Case 1:24-cv-01533-JPC   Document 1-6   Filed 02/28/24   Page 10 of 11
Case 1:23-cv-01560-GHW   Document 1   Filed 02/24/23   Page 3 of 4

which is an amount to be determined at trial but **no less** than $20,869,788 in addition to an award of Plaintiff's costs, expenses, and reasonable attorneys' fees incurred in bringing this action.

### III. REMOVAL IS TIMELY AND PROCEDURALLY PROPER

8. For purposes of removal, venue is proper in this district court, pursuant to 28 U.S.C. § 1441(a), because the state court where this lawsuit has been pending is located in this district.

9. True and correct copies of all process, pleadings, and orders served on the defendant in the State Court Action are attached hereto, as required by 28 U.S.C. § 1446(a).

10. After filing this Notice of Removal, VER will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the Supreme Court of the State of New York, County of New York in accordance with 28 U.S.C. § 1446(d).

11. If any questions arise regarding the propriety of the removal to this court, VER requests the opportunity to present a brief and be heard at oral argument in support of removal.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

FILED: NEW YORK COUNTY CLERK 03/16/2023 12:19 PM
NYSCEF DOC. NO. 8

INDEX NO. 650439/2023
RECEIVED NYSCEF: 03/16/2023

Case 1:24-cv-01533-JPC   Document 1-6   Filed 02/28/24   Page 11 of 11
Case 1:23-cv-01560-GHW   Document 1   Filed 02/24/23   Page 4 of 4

**WHEREFORE**, Ver removes the above-captioned action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

DATED: New York, New York
February 24, 2023

KELMAN PLLC

By: s/: Daniel J. Kelman
Daniel J. Kelman
1501 Broadway, Suite 2972
New York, New York 10036
Telephone: (212) 380-3818
daniel@kelman.law

*Attorneys for Defendant Roger Ver.*