# EXHIBIT G

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| GGC INTERNATIONAL LIMITED,<br><br>                              Plaintiff,<br><br>   - against –<br><br>ROGER VER,<br><br>                              Defendant. | Index No. 650439/2023<br><br>**COMPLAINT** |

Plaintiff GGC International Limited ("GGC International"), as for its Complaint against Defendant Roger Ver ("Ver," and together with GGC International, the "Parties"), alleges as follows:

**PRELIMINARY STATEMENT**

1.      This action seeks to redress Ver's straightforward failure to settle three cryptocurrency options agreements that expired on December 30, 2022.

2.      Ver failed to make payments on those transactions even though Ver had agreed to and recognized them. This action does not result from any collateral that Ver had transferred to GGC International to partially collateralize his obligations.

3.      GGC International and Ver entered into the Amended and Restated Master Confirmation Agreement for Virtual Currency Put and Call Options Transactions dated as of June 22, 2020 (the "Master Confirmation Agreement"). Pursuant to the Master Confirmation Agreement, the Parties are deemed to enter into the 2002 ISDA Master Agreement (the "ISDA Master Agreement") and the 1994 ISDA Credit Support Annex (the "ISDA Credit Support Annex"), with certain supplements. Accordingly, unless stated otherwise, when this Complaint

references the Master Confirmation Agreement, it also is incorporating by reference the ISDA Master Agreement and the ISDA Credit Support Annex.

4.  The ISDA Master Agreement and the ISDA Credit Support Annex are industry-standard documents that provide market participants with relationship-level terms that govern the trading of over-the-counter derivative transactions.

5.  The Master Confirmation Agreement makes certain elections and modifications to the ISDA Master Agreement and ISDA Credit Support Annex. The Master Confirmation Agreement – as includes the terms of the ISDA Master Agreement and the ISDA Credit Support Annex – sets forth the terms under which GGC International and Ver may enter into transactions for the purchase and sale of cryptocurrency put and call options.

6.  In 2022 alone, the Parties entered into thirty-one cryptocurrency options transactions. The terms of each transaction were memorialized in a written "Transaction Confirmation," which refers back to the Master Confirmation Agreement.

7.  Three options with expiration dates of December 30, 2022 gave rise to this action.

8.  Upon the settlement date for the three options, Ver owed GGC International roughly $110 million in exchange for the underlying tokens, minus amounts owing by GGC International to Ver. However, Ver did not make that payment.

9.  GGC International thereafter sent several notices to Ver. On January 12, 2023, GGC International sent a notice to Ver notifying him that as a result of his nonpayment, an "Event of Default" would occur if Ver failed to pay the amount owed within one business day. Ver once again failed to pay the amount owed.

10. On January 17, 2023, GGC International sent another notice to Ver that due to the Event of Default that had occurred and was continuing, GGC International designated January 19,

2

2023 as the "Early Termination Date" under the ISDA Master Agreement. Then, on January 20, 2023, GGC International sent Ver a "Calculation Statement," in which GGC International set off certain collateral previously delivered by Ver against the amounts owed by Ver, resulting in an amount of $20,869,788 owing from Ver to GGC International.

11. Ver failed to pay this amount to GGC International, despite the multiple written notices and multiple oral conversations with Ver.

12. Ver's failure to pay constitutes a breach of contract.

13. As a result of Ver's breach of contract, GGC International has been damaged. GGC International is entitled to at least $20,869,788, plus interest. The ISDA Master Agreement also entitles GGC International to indemnity for GGC International's out-of-pocket expenses, including attorneys' fees.

## THE PARTIES

14. Plaintiff GGC International Limited is a corporation organized and existing under the laws of the British Virgin Islands.

15. Defendant Roger Ver is an individual residing at 858 Zenway Blvd. Unit 15-203, Frigate Bay, St. Kitts and Nevis.

## JURISDICTION AND VENUE

16. This court has personal jurisdiction over Ver because he contractually consented to jurisdiction in the courts of the State of New York. In particular, Section 13(b)(i)(2) of the ISDA Master Agreement states that "[w]ith respect to any suit, action or proceedings related to any dispute arising out of or in connection with this Agreement . . . each party irrevocably . . . submits . . . if this Agreement is expressed to be governed by the laws of the State of New York, to the non-exclusive jurisdiction of the courts of the State of New York and the United States District Court located in the Borough of Manhattan in New York City."

3

17. Section 7(a)(i) of the Master Confirmation Agreement sets the governing law as New York, and as such, pursuant to Section 13(b)(i)(2) of the ISDA Master Agreement, Ver has agreed to jurisdiction in the courts of New York.

18. Venue is also proper because the Parties contractually consented to have disputes heard by the courts in the State of New York.

## STATEMENT OF FACTS

### GGC International and Ver Enter into the Master Confirmation Agreement

19. The Master Confirmation Agreement between GGC International[1] and Ver sets forth the terms under which the Parties may enter into cryptocurrency put and call option transactions.

20. The Master Confirmation Agreement states that GGC International and Ver are deemed to have entered into the ISDA Master Agreement and the ISDA Credit Support Annex.

21. Section 3 of the Master Confirmation Agreement provides that when the parties enter into an option transaction, they are to confirm the economic terms of such transaction in a "Transaction Confirmation." Sections 4 and 5 of the Master Confirmation Agreement provide the terms to be included in each Transaction Confirmation.

### The ISDA Master Agreement Sets Forth the General Payment Terms

22. The ISDA Master Agreement, which Ver was deemed to have entered by virtue of the Master Confirmation Agreement, provides the general conditions for payment and delivery.

---

[1] The signature page of the Master Confirmation Agreement erroneously lists the relevant party as "Genesis Global Capital International Ltd" instead of GGC International. However, the heading of the Master Confirmation Agreement correctly refers to GGC International, as does every relevant Transaction Confirmation.

23. In particular, Section 2(a)(i) of the ISDA Master Agreement states that "[e]ach party will make each payment or delivery specified in each Confirmation to be made by it, subject to the other provisions of this Agreement."

24. Section 2(a)(ii) of the ISDA Master Agreement provides that "[p]ayments under this Agreement will be made on the due date for value on the date in the place of the account specified in the relevant Confirmation or otherwise pursuant to this Agreement, in freely transferable funds and in the manner customary for payments in the required currency."

25. Section 2(c) of the ISDA Master Agreement states that the

> parties may elect in respect of two or more Transactions that a net amount and payment obligation will be determined in respect of all amounts payable on the same date in the same currency in respect of those Transactions, regardless of whether such amounts are payable in respect of the same Transaction. The election may be made in the Schedule or any Confirmation by specifying that "Multiple Transaction Payment Netting" applies to the Transactions identified as being subject to the election . . . . If Multiple Transaction Payment Netting is applicable to Transactions, it will apply to those Transactions with effect from the starting date specified in the Schedule or such Confirmation, or, if a starting date is not specified in the Schedule or such Confirmation, the starting date otherwise agreed by the parties in writing. This election may be made separately for different groups of Transactions and will apply separately to each pairing of Offices through which the parties make and receive payments or deliveries.

26. Section 7(a)(iii) of the Master Confirmation Agreement states that "Multiple Transaction Payment Netting," as described above, is applicable.

**Failure to Pay Amounts Due Will Result in an Event of Default**

27. Section 5(a) of the ISDA Master Agreement lists several potential "Events of Default."

28. As relevant to this dispute, Section 5(a)(i) of the ISDA Master Agreement states that it is an "Event of Default" if a party fails to:

5

make, when due, any payment under this Agreement or delivery under Section 2(a)(i) or 9(h)(i)(2) or (4) required to be made by it if such failure is not remedied on or before the first Local Business Day in the case of any such payment or the first Local Delivery Day in the case of any such delivery after, in each case, notice of such failure is given to the party.

29. Section 6(a) of the ISDA Master Agreement permits a non-defaulting party to declare an "Early Termination Date" upon not more than twenty days' notice where an Event of Default has occurred.

30. Section 6(e)(i) of the ISDA Master Agreement provides that "[i]f notice designating an Early Termination Date is given under Section 6(a) . . . the Early Termination Date will occur on the date so designated, whether or not the relevant Event of Default . . . is then continuing."

31. Upon an Early Termination Date, an "Early Termination Amount" is due. Section 6(e)(i) of the ISDA Master Agreement sets forth the formula to determine the "Early Termination Amount."

32. Section 7(a)(i) of the Master Confirmation Agreement states that New York law shall govern any transactions between GGC International and Ver.

33. Section 11 of the ISDA Master Agreement provides that a "Defaulting Party will on demand indemnify and hold harmless the other party for and against all reasonable out-of-pocket expenses, including legal fees . . . incurred by such other party by reason of the enforcement and protection of its rights under this Agreement or any Credit Support Document to which the Defaulting Party is a party or by reason of the early termination of any Transaction, including, but not limited to, costs of collection."

6

**GGC International and Ver Enter Into Options Transactions**

34. After entering into the Master Confirmation Agreement, GGC International and Ver entered into various options transactions. For each transaction, the Parties entered into a Transaction Confirmation memorializing the terms.

35. Throughout 2022, as a result of the transactions entered into by the Parties, Ver owed money to GGC International, including as much as $135 million in June 2022. GGC International repeatedly accommodated Ver when he suffered from liquidity problems and was unable to post required collateral. During this period, GGC International performed all of its contractual obligations to Ver. Regardless, Ver's contractual remedy for any type of default, insolvency or otherwise, would have been to terminate the agreement; Ver never did so, and any such termination would have resulted in him owing such significant sums to GGC International.

36. The three options which expired on December 30, 2022 are the subject of this action and detailed below:

(a) Pursuant to a trade confirmation dated March 22, 2022, GGC International agreed to purchase from Ver a put option for 70,000 units of Bitcoin Cash ("BCH"), with a strike price of $545 per BCH.

(b) Pursuant to a trade confirmation dated June 10, 2022, GGC International agreed to purchase from Ver a put option for 10,000 Ether ("ETH"), with a strike price of $5,000 per ETH.

(c) Pursuant to a trade confirmation dated June 11, 2022, GGC International agreed to purchase from Ver a put option for 500 Bitcoin ("BTC"), with a strike price of $26,000 per BTC.

37. Each of the three confirmations states that the "Settlement Date" is same as the "Expiration Date" of each option.

**Ver Fails to Settle the Three Options Transactions**

38. The three options in question expired on December 30, 2022.

39. As noted above, the "Settlement Date" for each of the three options was the same as the "Expiration Date," i.e., December 30, 2022. As such, Ver was required to settle the options on December 30, 2022. He failed to do so.

40. On January 12, 2023, GGC International sent a letter to Ver with the subject line "NOTICE OF DEFAULT: FAILURE TO PAY" (the "January 12 Notice"). The January 12 Notice informed Ver that he "failed to pay the amount of $71,221,052 due and owing on the Settlement Date (December 30, 2022) under the Transaction Confirmations. The consequence of [Ver's] failure to make payment is that an Event of Default will occur under Section 5(a)(i) of the Master Agreement, to the extent [Ver's] failure to pay continues for one Local Business Day, after the effective date of this notice."

41. Ver failed to make payment as required within one Local Business Day after the January 12 Notice.

42. On January 17, 2023, GGC International sent a letter to Ver with the subject line "NOTICE OF EVENT OF DEFAULT AND DESIGNATION OF EARLY TERMINATION DATE" (the "January 17 Notice"). The January 17 Notice informed Ver that he had "failed to pay $71,221,052, which was the amount due and owing on the Settlement Date (December 30, 2022) under the Transaction Confirmations. Pursuant to Section 6(a) of the Master Agreement, this letter serves as notice, effective as of the date of this notice, that an Event of Default under Section 5(a)(i) of the Master Agreement has occurred and is continuing with respect to [Ver]."

8

43. In the January 17 Notice, GGC International further "designates January 19, 2023, as the Early Termination Date," and "will make the calculations required under Section 6(e) of the Master Agreement and, in accordance with the Master Agreement, will notify you of the amount calculated thereunder and the date on which such amount will be payable."

44. Ver failed to make payment after receipt of the January 17 Notice.

45. On January 20, 2023, GGC International sent a letter to Ver with the subject line "CALCULATION STATEMENT FOR PAYMENT ON EARLY TERMINATION" (the "January 20 Statement").

46. The January 20 Statement constituted the statement required by Section 6(d)(i) of the ISDA Master Agreement detailing the calculation of the amount that remains payable by Ver to GGC International.

47. The January 20 Statement stated that Ver owed GGC International $67,850,000 across the three options. That amount was calculated by subtracting the amount owed by GGC International to Ver from the amount owed by Ver to GGC International.[2] In that January 20 Statement, GGC International then set off collateral posted by Ver valued at $46,980,212 against the $67,850,000 owed by Ver, resulting in a "Termination Payment Amount" of $20,869,788.

48. Ver failed to make payment after receipt of the January 20 Statement.

49. GGC International is seeking that amount in this action, plus fees, expenses, and interest.

---

[2] As noted above, the Parties elected to apply "Multiple Transaction Payment Netting" under the ISDA Master Agreement.

9

## CLAIMS FOR RELIEF

### CLAIM ONE

*(Breach of Contract)*

50. GGC International hereby incorporates by reference all allegations set forth previously in this Complaint as though fully set forth herein.

51. GGC International and Ver are parties to the Master Confirmation Agreement and are deemed to enter into the ISDA Master Agreement and ISDA Credit Support Annex.

52. GGC International complied with all of its contractual obligations under the Master Confirmation Agreement, the ISDA Master Agreement, and ISDA Credit Support Annex.

53. As set forth above, Ver breached the Master Confirmation Agreement, and the transactions entered thereunder, by failing to settle three options transactions that expired on December 30, 2022. Such failure constituted an "Event of Default" under the relevant agreements and is a breach of contract.

54. Under the three options, and subtracting amounts owed by GGC International to Ver, Ver owes a total of $67,850,000. In light of the $46,980,212 in collateral that Ver already delivered, the net amount owed by Ver is $20,689,788.

55. Accordingly, as a result of Ver's breach of contract, GGC International has been damaged in an amount to be determined at trial, but believed to be in excess of $20,689,788, plus interest.

56. In addition, GGC International is entitled to the repayment of its attorneys' fees and costs pursuant to Section 11 of the ISDA Master Agreement.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff GGC International respectfully demands the judgment against Defendant Ver as follows:

1. On GGC International's First Cause of Action, for an order awarding GGC International damages in an amount to be determined at trial but in no event less than $20,689,788, plus interest at the New York statutory rate, plus repayment of GGC International's attorneys' fees and costs; and

2. Such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 28, 2023

                      MORRISON COHEN LLP

                      By: /s/ Jason P. Gottlieb
                          Jason P. Gottlieb
                          Michael Mix
                      909 Third Avenue
                      New York, NY 10022
                      Telephone: 212-735-8600
                      Facsimile:  212-735-8708

                      *Attorneys for Plaintiff GGC International Limited*