

Jason P. Gottlieb
Partner & Chair, Digital Assets;
Chair, White Collar and Regulatory
Enforcement
(212) 735-8837
jgottlieb@morrisoncohen.com

March 12, 2024

**VIA ECF**

Hon. John P. Cronan
United States District Court
500 Pearl Street
Courtroom 12D
New York, New York 10007

      Re:    <u>*GGC International Limited v. Roger Ver*</u>, Case No. 24-cv-015333

Dear Judge Cronan:

      We represent Plaintiff GGC International Limited ("GGC International") in the above-captioned litigation (the "Action"), which was recently removed to this Court by two Third-Party Defendants after proceeding in the Supreme Court for the State of New York, New York County (Index No. 650439/2023) for over a year. I write in response to the Court's Order dated March 6, 2024 (ECF No. 15, the "Order") asking "whether the Court should review the pending motions to dismiss and amend under the standards of the Federal Rules of Civil Procedure."

      We respectfully submit that even though the pending motions originally were filed in state court, the Court should review them under the standards set forth in the Federal Rules of Civil Procedure (the "Federal Rules") rather than the CPLR.

      Fed. R. Civ. P. 81(c)(1) states that the Federal Rules "apply to a civil action after it is removed from a state court." Federal courts confronting this similar issue have construed pre-removal motions made before New York state courts as if made pursuant to the equivalent provision of the Federal Rules. *See, e.g.*, *Reefer Tek LLC v. El Dorado Trailer Leasing, LLC*, No. 17 Civ. 1809 (ER), 2019 WL 5727315, at *3 (S.D.N.Y. Nov. 5, 2019) (deeming motion originally filed in state court under CPLR 5015(a) but not yet decided as under Fed. R. Civ. P. 60(b)).

      Here, GGC International's motion to dismiss the Amended Counterclaims of Defendant Roger Ver ("Ver") (the "Motion to Dismiss") was made under CPLR 3211(a)(1) ("a defense is founded upon documentary evidence") and 3211(a)(7) ("the pleading fails to state a cause of action"). In a similar case in which a defendant had made a pre-removal motion to dismiss pursuant to CPLR 3211(a)(1), 3211(a)(5), and 3211(a)(7), the W.D.N.Y. "treat[ed] [defendant's] motion as if it had been brought under the most analogous rules of the Federal Rules of Civil



March 12, 2024
Page 2

Procedure, Rules 12(b)(6) and 12(c)." *James v. City of Rochester*, No. 23-CV-6057DGL, 2023 WL 3356931 (W.D.N.Y. May 11, 2023).

The portion of GGC International's Motion to Dismiss pursuant to CPLR 3211(a)(7) can be determined under Rule 12(b)(6), and the standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See, e.g.*, *Arcamone v. Kopnisky*, 857 F. App'x 694, 696 (2d Cir. 2021) ("To state a claim, a party must plead sufficient facts to permit a 'reasonable inference that the defendant is liable for the misconduct alleged'" and the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions and mere conclusory statements"), *quoting Iqbal*, 556 U.S. at 678. And Ver's fraud counterclaim should be determined pursuant to Fed. R. Civ. P. 9(b) ("[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake") rather than CPLR 3016(b) ("[w]here a cause of action or defense is based upon misrepresentation, fraud, mistake, wilful default, breach of trust or undue influence, the circumstances constituting the wrong shall be stated in detail").

The Court can consider the portion of GGC International's Motion to Dismiss pursuant to CPLR 3211(a)(1) (documentary evidence) either under Rule 12(c) as per *James* above, and/or under Fed. R. Civ. P. 12(b)(6) because such documents are incorporated by reference to, or integral to, the Amended Counterclaims. *See Nicosia v. Amazon.com, Inc.* 834 F.3d 220, 230 (2d Cir. 2016) (documents incorporated by reference or integral to a claim can be considered on a motion for failure to state a claim).

Similarly, Ver's motion to amend (the "Motion to Amend") can be decided under Rule 15(a)(2), which is governed by a similar standard to CPLR 3025(b). *Compare Medina v. Tremor Video, Inc.*, 640 F. App'x 45, 47 (2d Cir. 2016) ("a court need not grant [leave to amend] if the proposed amendment would still not state a claim, so that the amendment would be futile") *with Reyes v. BSP Realty Corp.*, 171 A.D.3d 504, 504 (1st Dep't 2019) ("where the proposed amendment is devoid of merit, leave should be denied. An amendment is devoid of merit where the allegations are legally insufficient") (internal citation omitted).

GGC International therefore respectfully contends that no matter whether analyzed under the CPLR or the Federal Rules of Civil Procedure, GGC International's motion to dismiss Ver's Amended Counterclaims should be granted, and Ver's Motion to Amend should be denied. GGC International respectfully submits that the pending motion papers need not be re-briefed under these familiar federal rules, but of course, GGC International will naturally re-brief the motion should the Court desire such re-briefing.

Finally, pursuant to the Order, GGC International is also re-filing the relevant pleadings for the Motion to Dismiss and the Motion to Amend: Ver's Amended Counterclaims dated July 31, 2023 (attached as **Exhibit 1**) and Ver's proposed Second Amended Counterclaims dated



March 12, 2024
Page 3

December 11, 2023 (attached as **Exhibit 2**).  GGC International will, of course, file any additional documents from the state court docket (or otherwise) as the Court requests.

      Thank you for your attention to this matter.

                                  Respectfully,

                                  */s/ Jason Gottlieb*

                                  Jason Gottlieb

CC:  All Counsel of Record (via ECF/email)

909 Third Avenue, New York, NY 10022-4784  •  p:212.735.8600  •  f:212.735.8708  •  www.morrisoncohen.com