**Weil, Gotshal & Manges LLP**

VIA ECF AND EMAIL

**Caroline H. Zalka**
767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8881 tel
+1 212 310 8007 fax
caroline.zalka@weil.com

March 29, 2024

The Honorable John P. Cronan
United States District Court, Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re: *GGC International Limited v. Roger Ver, et al.*, No. 1:24-cv-01533-JPC (S.D.N.Y.)

Dear Judge Cronan,

We represent Third-Party Defendants Digital Currency Group, Inc. ("DCG") and Barry Silbert (collectively, the "DCG Defendants") in the above-referenced action. Pursuant to Rule 6(A) of the Court's Individual Rules and Practices in Civil Cases, we write to request permission to file a motion to dismiss the Complaint filed by Third-Party Plaintiff Roger Ver ("Ver") for failure to state a claim under Rules 12(b)(6) and 9(b). Set forth below is the basis for the DCG Defendants' motion and a proposed briefing schedule.

Ver asserts claims against the DCG Defendants for common law fraud, aiding and abetting fraud, and civil conspiracy. In sum, the Complaint alleges that following the June 2022 collapse of Three Arrows Capital, a cryptocurrency investment firm, non-party GGC International Ltd. ("GGCI") became insolvent and the DCG Defendants purportedly helped conceal GGCI's financial condition to induce Ver to transfer additional collateral to GGCI and maintain his trading positions. Ver fails to allege, however, any plausible connection between himself and the DCG Defendants. The Complaint offers no facts demonstrating, or even from which it could plausibly be inferred, that the DCG Defendants had any direct involvement in Ver's trading relationship with GGCI, or that Ver relied to his detriment on the single misstatement allegedly made by the DCG Defendants.

The DCG Defendants thus intend to file a motion to dismiss on the grounds that the Complaint fails to allege any actionable misrepresentations made by the DCG Defendants, much less with the particularity demanded by Rule 9(b). Further, the DCG Defendants are not liable for the conduct or statements purportedly made by non-party subsidiaries of DCG.

   **I.   Ver Fails to Adequately and Particularly Allege Fraud.**

In order to withstand dismissal, a fraud claim must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). It must also allege "(1) a material misrepresentation or omission of fact (2) made by [a] defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage

The Honorable John P. Cronan
March 29, 2024
Page 2

to the plaintiff." *Crigger v. Fahnestock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006).  The Complaint does not satisfy any of these elements.

The only statement by the DCG Defendants alleged by Ver to have been false is a retweet of a June 15, 2022 tweet made by a non-party subsidiary that its balance sheet was "strong" and its business was "operating normally."  Compl. ¶¶ 131–32.  Although Ver alleges the tweet is false and misleading, he offers nothing more than conclusory assertions that the balance sheet was "not strong, solvent, or capable of absorbing the losses" or that unspecified Genesis entities suffered losses.  *Id.* ¶ 136(b); *Zutty v. Rye Select Broad Mkt. Prime Fund, L.P.*, 2011 WL 5962804, at *10 (N.Y. Sup. Ct. Apr. 15, 2011) (fraud claim dismissed where "plaintiffs have alleged no facts sufficient to demonstrate that any of the statements [were] false when made").  Likewise, the tweet's use of descriptors such as "strong" are "nothing more than puffery" and therefore not actionable. *In re Xinhua Fin. Media, Ltd. Sec. Litig.*, 2009 WL 464934, at *8 (S.D.N.Y. Feb. 25, 2009).

As to the remaining misrepresentations alleged in the Complaint, Compl. ¶¶ 152–55, 201–14, 222–30, setting aside that Ver does not allege with particularity that these statements were false or misleading, the DCG Defendants were not the makers of these statements. Ver's attempt to connect them to the DCG Defendants by asserting that they were made by the Genesis Entities which operated "[a]t the direction of . . . Silbert," *id.* ¶ 155, and under the "control[]" of DCG, *id.* ¶ 33, are conclusory and made without any factual basis.  *Kirschner ex rel. Millennium Lender Claim Tr. v. J.P. Morgan Chase Bank, N.A.*, 2020 WL 9815174, at *8 (S.D.N.Y. Dec. 1, 2020), *adopted by* 2021 WL 4499084 (S.D.N.Y. Sept. 30, 2021), *aff'd*, 2023 WL 5439495 (2d Cir. Aug. 24, 2023) ("[C]onclusory language . . . does not support Plaintiff's theory that [defendants] controlled [the third party's] statements.").

Ver's failure to adequately plead fraudulent intent, reliance and damages is equally fatal to his fraud claim.  Without advancing any "concrete benefits that could be realized by one or more of the false statements and wrongful nondisclosures alleged," *Harborview Value Masterfund, L.P. v. Freeline Sports, Inc.*, 2012 WL 612358, at *9 (S.D.N.Y. Feb. 23, 2012) (citation omitted), Ver's effort to plead motive and opportunity fail.  The fact that GGCI is a subsidiary of an entity indirectly owned by DCG "is not on its own sufficient to impute" scienter to the DCG Defendants.  *Valentini v. Citigroup, Inc.*, 837 F. Supp. 2d 304, 317 (S.D.N.Y. 2011).  Furthermore, Ver does not allege that he "saw, read, or otherwise noticed" the DCG Defendants' June 15 retweet or relied on the tweet when making decisions about his investments with GGCI.  *In re Fyre Festival Litig.*, 399 F. Supp. 3d 203, 216–17 (S.D.N.Y. 2019).  Nor does the Complaint demonstrate that Ver's purported damages were "the natural and probable consequence" of statements made by the DCG Defendants, or in fact, even indicate that any of the statements concerned GGCI's supposed insolvency.  *Allison v. Round Table Inv. Mgmt. Co.*, 2010 WL 4456648, at *6 (S.D.N.Y. Oct. 22, 2010), *aff'd*, 447 F. App'x 274 (2d Cir. 2012) (citation omitted).

II.   **Ver Fails to Allege the DCG Defendants Aided and Abetted GGCI's Fraud.**

Ver's alternative claim that the DCG Defendants aided and abetted GGCI's fraud should also be dismissed.  To plead aiding and abetting of fraud, Ver must show "(1) the existence of a

The Honorable John P. Cronan
March 29, 2024
Page 3

fraud; (2) [the] defendant's knowledge of the fraud; and (3) that the defendant provided substantial assistance to advance the fraud's commission." *Geoffrey A. Orley Revocable Tr. v. Genovese*, 2020 WL 611506, at *12 (S.D.N.Y. Feb. 7, 2020) (citation omitted). Rule 9(b)'s particularity requirement also applies to aiding and abetting fraud claims. *Filler v. Hanvit Bank*, 156 F. App'x 413, 417 (2d Cir. 2005).

Here, the Complaint articulates no well-pled allegations that the DCG Defendants knew GGCI was insolvent and "either affirmatively assisted" or "helped to conceal" the fraud. *Chemtex, LLC v. St. Anthony Enters., Inc.*, 490 F. Supp. 2d 536, 547 (S.D.N.Y. 2007). All Ver offers is DCG's execution of a promissory note with GGCI's parent, Genesis Global Capital ("GGC"), Compl. ¶¶ 164, 168–69, and a purported "communications campaign" between DCG and GGC that was "designed to conceal" *GGC's* financial health. *Id.* ¶ 161. These allegations, neither of which indicate that the DCG Defendants provided any assistance to *GGCI*, cannot suffice to carry Ver's aiding and abetting claim. Moreover, without a connection between the conduct of the DCG Defendants and his purported harm, Ver has failed to adequately allege proximate causation. *SPV OSUS Ltd. v. AIA LLC,* 2016 WL 3039192, at *6 (S.D.N.Y. May 26, 2016) ("aider and abettor liability reguires [sic] the injury to be a direct or reasonably foreseeable result of the conduct.").

**III.    Ver's Civil Conspiracy Claim Should be Dismissed as Duplicative.**

Finally, Ver's conspiracy claim is "entirely duplicative" of his aiding and abetting fraud claim and should be dismissed. *In re Platinum-Beechwood Litig.*, 426 F. Supp. 3d 14, 21 (S.D.N.Y. 2019) (dismissing conspiracy claim as the factual allegations were the same as those for the primary fraud claim). Additionally, the Complaint offers none of the necessary factual allegations to support a conspiracy claim. Ver fails to establish the existence of an agreement between the DCG Defendants and GGCI to engage in a fraudulent scheme, or that the DCG Defendants performed an overt act in furtherance of the conspiracy or otherwise intentionally participated in GGCI's alleged fraud. *See Ritchie Cap. Mgmt., L.L.C. v. Gen. Elec. Cap. Corp.*, 121 F. Supp. 3d 321, 339 (S.D.N.Y. 2015) (holding conspiracy claim requires "an agreement between two or more parties . . . an overt act in furtherance of the agreement . . . [and] the parties' intentional participation in the furtherance of a plan or purpose").

*       *       *

The DCG Defendants respectfully request that the Court allow them to proceed with the anticipated motion to dismiss and propose the following briefing schedule:

- **14 days after schedule is adopted**: DCG Defendants to file motion to dismiss;

- **28 days after motion is filed**: Ver to file opposition brief;

- **21 days after opposition is filed**: DCG Defendants to file reply brief.

Respectfully submitted,

s/ *Caroline H. Zalka*
Caroline H. Zalka