# Arnold & Porter

Marcus A. Asner
+1 212.836.7222 Direct
Marcus.Asner@arnoldporter.com

March 29, 2024

**VIA ECF**
The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *GGC International Limited v. Ver v. Moro, et. al.*, 1:24-cv-01533-JPC

Dear Judge Cronan:

  We represent Third-Party Defendant Soichiro "Michael" Moro in the above-referenced action. Pursuant to Rule 6.A of the Court's Individual Rules and Practices for Civil Case, we respectfully submit this pre-motion letter to seek permission to file a motion to dismiss all causes of action against Mr. Moro in the Third-Party Complaint (ECF No. 1-17), for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) and 9(b).

## I.   Overview of Facts and Procedural Posture

  Mr. Moro is the former Chief Executive Officer ("CEO") of Genesis Global Capital, LLC ("Genesis Global") and GGC International Limited ("GGCI"). Third-Party Plaintiff Roger Ver and GGCI executed a Master Confirmation Agreement on June 22, 2020, which was later amended on July 13, 2020 (the "MCA"). Ver. Compl. ¶ 44. The MCA set forth the terms under which GGCI and Ver could enter into individual cryptocurrency put and call option transactions. *Id.* Within the MCA, Ver and GGCI expressly disclaimed reliance on extracontractual representations and acknowledged the risk of loss in trading virtual currencies. ECF No. 1-13, Ex. 3 at 233-34.

  Between March 22 and June 10, 2022, GGCI and Ver entered into three cryptocurrency options agreements pursuant to the MCA, all of which expired on or before December 30, 2022 in a manner collectively unfavorable to Ver. *See* GGCI Compl. ¶¶ 1, 7, 36 (ECF No. 1-7). GGCI sued Ver in January 2023 after Ver failed to settle the three transactions and Ver responded that he owes no further obligation to GGCI due to market events that post-dated his transactions with GGCI and allegedly caused GGCI to become insolvent at the time of his transactions. In December 2023, in furtherance of efforts to stall GGCI's lawsuit that has included filing multiple rounds of amended answers and counterclaims that still remain in flux,[1] Ver filed third-party claims against Mr. Moro and the other third-party defendants alleging (i) common law fraud; (ii) civil conspiracy to commit fraud; and (iii) aiding and abetting fraud. With Mr. Moro's consent, the other third-party defendants removed the lawsuit to this court.

  As explained below, dismissal is warranted as Mr. Ver failed to properly state a cause of action for any of the three counts against Mr. Moro.

---

[1] GGCI sets forth Ver's efforts to delay GGCI's lawsuit in its opposition to Ver's second attempt to amend his counterclaims, which remains pending before this court. ECF. 20-5 at 11-12.

**Arnold & Porter**

March 29, 2024
Page 2

## II. Ver Fails to State Any Causes of Actions Against Mr. Moro

### A. Ver Did Not (and Cannot) Plead Facts To Establish Common Law Fraud

Under New York law, "[t]he elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages." *Eurycleia Partners, LP v. Seward & Kissel, LLP*, 12 N.Y.3d 553, 559 (2009). A claim based in fraud is subject to the particularity pleading requirements of Federal Rule of Civil Procedure 9(b). *See, e.g.*, *IKB Int'l S.A. v. Bank of Am. Corp.*, 584 F. App'x 26, 27 (2d Cir. 2014). Furthermore, the Second Circuit has "repeatedly required plaintiffs to plead the factual basis which gives rise to a *strong inference of fraudulent intent.*" *Id.* at 27 (emphasis added).

While Ver's third-party complaint is replete with conclusory allegations of fraud against GGCI and unidentified "employees" or "representatives" of GGCI, specific allegations relating to Mr. Moro are sparse. Importantly, the only "misrepresentations" Ver alleges were made by Mr. Moro are two public-facing tweets he sent on June 17, 2022 and July 6, 2022, neither of which relate to GGCI, the only Genesis entity with which Ver was involved. Indeed, Ver bases his entire case against Mr. Moro on tweets that discuss actions taken by *Genesis Global* (not GGCI) to address *Genesis Global's* (not GGCI's) financial condition following the default of one of *Genesis Global's* (not GGCI's) lending partners. As Mr. Moro will demonstrate in his motion to dismiss, both of his tweets about Genesis Global were true and Ver pleads no facts to show otherwise. For example, Ver alleges the portion of the June 17 tweet stating "[n]o client funds are impacted" was a misrepresentation, yet fails to allege any facts to suggest that Genesis Global's "client *funds*" were in fact impacted, or that Genesis Global in any way used or manipulated client funds to mitigate those losses – much less that any digital assets Ver may have provided *to GGCI* were impacted. Compl. ¶¶ 136(a), 234(a).

Beyond failing to show Mr. Moro made any misrepresentation, Ver fails to allege, even in a conclusory way, that any factual assertion in either of Mr. Moro's tweets about Genesis Global was material to Ver and his dealings with GGCI. *See MP Cool Investments Ltd. v. Forkosh*, 142 A.D.3d 286, 291 (NY App. Div. 2016) ("[T]he complaint must allege misrepresentation or concealment of *a material fact*" (emphasis added)). Nor could he when Ver himself concedes that Mr. Moro's tweets involved "*Genesis Global's* ability to repay *its counterparties*, including *Earn Investors.*" Ver Compl. ¶¶ 136, 234 (emphasis added). As discussed above, Ver was a counterparty only to GGCI. Nor does Ver plead any facts to demonstrate that Mr. Moro had the requisite knowledge of the falsity of any supposedly false statement of fact contained in either of his tweets, or the requisite intent to induce Ver to rely on such supposedly false information. *Eurycleia Partners, LP*, 12 N.Y.3d at 559; *IKB Int'l S.A.*, 584 F. App'x at 27 (requiring "plaintiffs to plead the factual basis which gives rise to a *strong inference of fraudulent intent*"). Moreover, Ver cannot claim he reasonably relied on anything reflected in Mr. Moro's tweets in connection with Ver's cryptocurrency options agreements with GGCI when Ver expressly disclaimed reliance

# Arnold & Porter

March 29, 2024
Page 3

on extracontractual representations in the MCA he entered into with GGCI. *See Pappas v. Tzolis*, 20 N.Y.3d 233 (2012) (holding disclaimers that parties are "not relying on any representations as to the very matter as to which they now claim they were defrauded," renders a fraud claim deficient.) Finally, Ver fails to plead with particularity how Mr. Moro's two tweets connect to any specific investments by Ver and/or resulting damage to him. *See Spencer Trask Software and Inf. Services LLC v. Rpost Intern. Ltd.*, 383 F. Supp.2d 428, 454 (S.D.N.Y. 2003) (holding plaintiff must show he was "damaged, injured, or harmed as a result of the asserted fraud").

      **B.**    **The Remaining Claims Must be Dismissed**

Mr. Moro will move to dismiss Ver's claim for aiding and abetting fraud because it alleges no conduct by Mr. Moro other than his two tweets and is thus entirely duplicative of the underlying fraud claim. *See 380544 Canada, Inc. v. Aspen Technology, Inc.*, 633 F. Supp.2d 15 (S.D.N.Y. 2009) (dismissing aiding and abetting claim when defendant was one of the alleged parties in the fraud claim). Mr. Moro also will move to dismiss this claim on the grounds that Ver failed to plead Mr. Moro had any knowledge of a fraud committed by others or that Mr. Moro offered "substantial assistance" to them in the commission of such fraud. *See Abu Dhabi Com. Bank v. Morgan Stanley & Co. Inc.*, 651 F. Supp. 2d 155, 173-74 (S.D.N.Y. 2009).

Mr. Moro will move to dismiss Ver's civil conspiracy claim as New York law "does not allow a plaintiff to reallege a tort asserted elsewhere in the complaint in the guise of a separate conspiracy claim." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 591 (2d Cir. 2005) (affirming dismissal of duplicative conspiracy claim *sua sponte* as impermissible). Mr. Moro also will move to dismiss the civil conspiracy claim on the separate grounds that Ver failed to plead Mr. Moro: (1) had an agreement with any party; (2) engaged in an overt act in furtherance of any agreement; (3) intentionally participated in furtherance of any agreement; or (4) that Ver suffered any damage or injury as a result of such "conspiracy." *See Abacus Fed. Sav. Bank v. Lim*, 75 A.D.3d 472, 474, 905 N.Y.S.2d 585, 588 (2010).

                        \*    \*    \*

For the foregoing reasons, Mr. Moro seeks to move to dismiss all causes of action in Ver's Third-Party Complaint. Mr. Moro proposes the following schedule for the parties to brief his and the other third-party defendants' motions to dismiss: (1) motions due 14 days after the pre-motion conference or the Court's endorsement of this schedule; (2) oppositions due 28 days thereafter; and (3) replies due 21 days thereafter. We look forward to the Court's guidance and are available to discuss with the Court at a pre-motion conference.

Respectfully submitted,

*/s/ Marcus Asner*
Marcus A. Asner

cc:    All counsel of record (via ECF)