UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                        :

GGC INTERNATIONAL LIMITED,              :

                 Plaintiff,                          :

         -v-                                    :        24 Civ. 1533 (JPC)

ROGER VER,                                :

                 Defendant.                     :        MEMORANDUM
                                                     OPINION AND ORDER
-----------------------------------------------------------------X
                                                     :

ROGER VER,                                :

                 Counterclaim-Plaintiff,   :

         -v-                                    :

GGC INTERNATIONAL LIMITED,              :

                 Counterclaim-Defendant.  :
-----------------------------------------------------------------X
                                                     :

ROGER VER,                                :

                 Third-Party Plaintiff,    :

         -v-                                    :

BARRY SILBERT, *et al.*,                         :

                 Third-Party Defendants.   :
-----------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       Pending before the Court are Plaintiff and Counterclaim-Defendant GGC International

Limited's ("GGCI") motion to dismiss Defendant and Counterclaim-Plaintiff Roger Ver's ("Ver")

Amended Answer and Counterclaims, as well as Ver's motion to amend his Amended Answer and Counterclaims. For the following reasons, the Court grants Ver's motion to amend and denies GGCI's motion to dismiss without prejudice to filing a renewed motion against the Second Amended Answer and Counterclaims.[1]

On February 28, 2024, Third-Party Defendants Barry Silbert and Digital Currency Group, Inc. removed this case to federal court from the New York Supreme Court, New York County. Dkt. 1. At the time of removal, two motions were fully briefed and pending before the state court: (1) GGCI's motion to dismiss Ver's Amended Answer and Counterclaims, Dkts. 20-1 (motion to dismiss), 20-2 (opposition), 20-3 (reply), and (2) Ver's motion to amend his Amended Answer and Counterclaims, Dkts. 20-4 ("MTA"), 20-5 ("MTA Opp."), 20-6 (reply).[2] Ver had attached a proposed Second Amended Answer and Counterclaims to his motion to amend. *See* Dkt. 18-2.

"Because motions pending in state court at the time of removal survive removal," these motions are now ripe for decision. *Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 438 (S.D.N.Y. 1988); *accord* Wright & Miller, Federal Practice and Procedure § 3733 ("[F]ailure to attach a motion that is pending in state court at the time of removal does not waive the motion, which may be pursued in the district court, following removal."). "When a court is faced with motions to dismiss one complaint and a motion for leave to file an amended complaint, the court may focus first on the motion for leave to amend because granting the motion for leave to amend

---

[1] Following removal, GGCI requested oral argument on these fully briefed motions. Dkt. 14. Because the Court concludes that oral argument is not necessary to dispose of these motions, GGCI's request is denied without prejudice to renewal in the event GGCI moves to dismiss the Second Amended Answer and Counterclaims.

[2] Although this motion is styled as a motion to amend the Amended Answer and Counterclaims, Ver's proposed Second Amended Answer and Counterclaims "ma[kes] no amendments or supplements to his Answer in this matter," and rather seeks to buttress his counterclaims. MTA at 1 n.1.

2

moots the pending motions to dismiss." *Cummins, Inc. v. New York Life Ins.*, No. 10 Civ. 9252 (TPG), 2012 WL 3870308, at *2 (S.D.N.Y. Sept. 6, 2012).

Although the parties' briefing on both the motion to dismiss and motion to amend address the applicability of New York's procedural rules, the Federal Rules of Civil Procedure govern the motions as a consequence of the case's removal. *See* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."); *accord Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 399 & n.3 (S.D.N.Y. 2020) (applying Federal Rule of Civil Procedure 4(d) in a removed action and citing Rule 81(c)(1) to support that application). GGCI thus urges the Court to construe the motions under the "equivalent provision of the Federal Rules." Dkt. 18 ("GGCI Letter") at 1.

This is relatively straightforward for Ver's motion to amend, as GGCI concedes that the Federal Rules and New York state rules apply a similar standard. *See id.* at 2 ("Ver's motion to amend . . . can be decided under Rule 15(a)(2), which is governed by a similar standard to CPLR 3025(b)."). Federal Rule of Civil Procedure 15 provides that a district court must "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this liberal standard, a motion to amend is generally denied only if the moving party has unduly delayed or acted in bad faith or with a dilatory motive, the opposing party will be unfairly prejudiced if leave is granted, the proposed amendment is futile, or if prior amendments have repeatedly failed to cure pleading deficiencies. *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

In large part, GGCI's opposition to Ver's motion to amend rests on its contention that the changes reflected in the proposed Second Amended Answer and Counterclaims would not overcome the legal deficiencies identified in its motion to dismiss. *See* MTA Opp. at 9 (arguing that "[t]he new facts that Ver seeks to plead in his Proposed Second Amended Counterclaims do

3

not overcome the legal deficiencies raised by GGC International in the Second MTD" and "fully adopt[ing] the Second MTD and incorporat[ing] it by reference, because the arguments in the Second MTD apply equally to Ver's Proposed Second Amended Counterclaims"); *see id.* at 9-15 (reiterating GGCI's motion to dismiss arguments); *id.* at 15-17 (acknowledging that "Ver's Proposed Second Amended Counterclaims add one additional cause of action, for civil conspiracy" but arguing that "[t]he proposed counterclaim for civil conspiracy is legally deficient").  GGCI's arguments, in the context of the Federal Rules, reflect the well-established proposition that a court need not grant leave to plead "futile" causes of action—in other words, claims that "could not withstand a motion to dismiss"—notwithstanding Rule 15(a)'s liberal standard.  *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 304 (2d Cir. 2020) (internal quotation marks omitted).  In a typical case, a court would thus consider the strength of GGCI's motion to dismiss arguments in its futility analysis.  *See Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 456 (S.D.N.Y. 2016) ("To determine whether a proposed pleading is futile, courts analyze whether it would withstand a motion to dismiss.").  This would entail the Court considering whether Ver's Second Amended Answer and Counterclaims would survive the arguments advanced in GGCI's pending motion to dismiss.

Yet, because of this case's procedural history, the Court's evaluation of the merits of the futility analysis is frustrated by the need to identify equivalent provisions of the Federal Rules to those state rules that GGCI's motion invokes.  For example, GGCI is not clear whether certain of its arguments are better analyzed as a motion to dismiss for failure to state a claim under Rule 12(b)(6) or as a motion for judgment on the pleadings under Rule 12(c).  *See* GGCI Letter at 2 (explaining GGCI's view that some of its motion could be considered under Rule 12(b)(6) with Ver's fraud counterclaim assessed under Rule 9(b), while another portion of the motion could be

4

considered under "either Rule 12(c) . . . and/or [Rule] 12(b)(6)"). This difficulty counsels towards another approach.

An opposition to a motion for leave to amend is "not . . . a substitute for a motion to dismiss or a motion for summary judgment." *Ahmad v. Day*, 647 F. Supp. 3d 272, 282 (S.D.N.Y. 2022). As a result, "[i]n the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that [such] arguments are better suited for consideration in the context of a motion to dismiss." *Env't Sols. Assocs. Grp., LLC v. Conopoco, Inc.*, No. 20 Civ. 10699 (MKV), 2021 WL 2075586, at *2 (S.D.N.Y. May 24, 2021) (internal quotation marks omitted); *see Biwen Liang v. Home Reno Concepts LLC*, No. 17 Civ. 3503 (SJB), 2018 WL 1401801, at *3 (E.D.N.Y. Mar. 19, 2018) ("It is a far better conservation of judicial and party resources to permit the amendment . . . and let any order on a motion to dismiss determine the facial validity of the [proposed] claim."). And here, rather than considering the arguments in GGCI's motion to dismiss as they would apply under the Federal Rules and to the Second Amended Answer and Counterclaims, the Court will accept GGCI's offer to "re-brief the motion should the Court desire such re-briefing," to align the motion to dismiss analysis with the applicable federal standards. GGCI Letter at 2.

Yet, the Court should only grant the motion to amend "and let any order on a motion to dismiss determine the facial validity of the [proposed] claim[s]," *Biwen Liang*, 2018 WL 1401801, at *3, so long as there is an "absence of undue prejudice," *Env't Sols. Assocs. Grp.*, 2021 WL 2075586, at *2, to GGCI in allowing the amendment. GGCI argues that granting Ver leave to amend would be prejudicial "because when considered in the context of Ver's prior actions and the timing of his amendments, it is evident that Ver is attempting to amend his Counterclaims again purely to delay the case." MTA Opp. at 17. The prejudice from such a delay is the additional

5

time that would be required for GGCI to brief a third motion to dismiss. *Id.* But that delay is inevitable in this case because, even absent granting leave to amend, the Court would require supplemental briefing of the pending motion to dismiss to comport that motion with the Federal Rules. Moreover, regardless of whether leave to amend is granted, the Court's analysis after receiving additional briefing would still entail evaluating the arguments in the motion to dismiss to determine the legal sufficiency of Ver's counterclaims.

At the same time, the Court understands GGCI's frustration. This action—which was initially filed in state court in January 2023, *see* Dkt. 1 ¶ 1—has endured substantial delays. Ver will now have twice amended his counterclaims, both in response to GGCI's motions to dismiss. So while the Court grants Ver's motion to amend, the Court is not inclined to allow further amendment to Ver's counterclaims out of concern for undue delay of this case. Nor can Ver be thought to be unduly prejudiced by such an action, as he has now been on notice of the purported deficiencies in his counterclaims for over a year.

Thus, the Court grants Ver's motion to amend his Amended Answer and Counterclaims. GGCI's motion to dismiss those counterclaims is denied without prejudice to filing a renewed motion to dismiss against Ver's Second Amended Answer and Counterclaims. Ver must file his Second Amended Answer and Counterclaims by January 17, 2025. Any renewed motion to dismiss is due by January 31, 2025. Any opposition is due by February 14, 2025. Any reply is due by February 21, 2025. The Clerk of Court is respectfully directed to close Docket Number 14.

SO ORDERED.

Dated: January 13, 2025
      New York, New York

_____
JOHN P. CRONAN
United States District Judge