

Jason P. Gottlieb
Partner & Chair, Digital Assets;
Chair, White Collar and Regulatory
Enforcement
(212) 735-8837
jgottlieb@morrisoncohen.com

March 4, 2025

**VIA ECF**

Hon. John P. Cronan
United States District Court
500 Pearl Street
Courtroom 12D
New York, New York 10007

    Re:    <u>GGC International Limited v. Roger Ver</u>, Case No. 24-cv-01533

Dear Judge Cronan:

    We represent Plaintiff / Counterclaim-Defendant GGC International Limited ("GGC International") in the above-captioned litigation (the "Action"). I write with the consent of Defendant / Counterclaim-Plaintiff Roger Ver ("Ver"). GGC International and Ver – the only parties currently remaining in the Action – have reached a settlement in principle of GGC International's claims against Ver and Ver's counterclaims against GGC International.

    Accordingly, to provide sufficient time for GGC International and Ver to memorialize their putative settlement, and to avoid wasting judicial resources, GGC International and Ver respectfully request that the Court stay all further proceedings in the Action for thirty (30) days, after which GGC International and Ver will provide an update to the Court.

    Thank you for your consideration.

    Respectfully,

    */s/ Jason Gottlieb*

    Jason Gottlieb

CC: All Counsel of Record (via ECF)

"[A] district court possesses inherent authority to 'control the disposition of the [cases] on its docket' and has power to stay an action as an incident of that authority . . . ." *Range v. 480-486 Broadway, LLC*, 810 F.3d 108, 113 (2d Cir. 2015) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  Because Defendant and Counterclaim-Plaintiff Roger Ver has indicated that he may seek leave to amend his Third-Party Complaint, the motion to stay this matter pending finalization of a settlement between Plaintiff and Counterclaim-Defendant GGC International Limited and Ver is denied.  GGCI and Ver shall file a status letter advising the Court as to the finalization of any settlement by April 7, 2025.

The Court is also in receipt of the parties' letter briefs addressing the Court's subject matter jurisdiction.  Dkts. 56-58.  The Court has taken these briefs under advisement.  As just noted, Ver has indicated an intent to file a motion to amend the Third-Party Complaint in this action.  See Dkt. 56 at 1 & n.1; see also Dkt. 50 at 1.  If Ver intends to move to amend the Third-Party Complaint, he shall file a pre-motion letter in accordance with the Court's Individual Civil Rule 6.A by April 7, 2025.

The Clerk of Court is respectfully directed to close Docket Number 59.

SO ORDERED.
Date: March 7, 2025
New York, New York

JOHN P. CRONAN
United States District Judge